An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

RANDY IBOLD,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65408

FILED

NOV 12 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Randy Ibold's post-conviction petition for a writ of habeas corpus. Tenth Judicial District Court, Churchill County; Robert E. Estes, Sr. Judge.

Ibold contends that the district court erred by denying his habeas petition. Ibold claims that counsel was ineffective for failing to move to suppress statements he made to investigating officers and evidence seized from his vehicle.[1] We disagree.

When reviewing the district court's resolution of an ineffective-assistance claim, we give deference to the court's factual findings if they are supported by substantial evidence and not clearly wrong but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005). Here, the district court conducted an evidentiary hearing and heard testimony from Ibold and his former counsel. The district court found that Ibold "fail[ed] to plead and prove sufficient facts to identify any suppression issue nor how the result of any motion would have changed the outcome of

---

[1]Ibold pleaded guilty to being a felon in possession of a firearm.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-37247

his proceedings." *See generally Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004) (holding that a petitioner has the burden of establishing facts underlying his claims by a preponderance of the evidence). The district court also determined that Ibold failed to demonstrate that counsel's representation was deficient and prejudice. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Kirksey v. State*, 112 Nev. 980, 987, 923 P.2d 1102, 1107 (1996); *see also Cullen v. Pinholster*, 563 U.S. ___, ___, 131 S. Ct. 1388, 1408 (2011) ("Surmounting *Strickland*'s high bar is never an easy task." (quotation marks omitted) (alteration omitted)). We conclude that the district court did not err by rejecting Ibold's ineffective-assistance claim. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

---

[2]The fast track statement does not comply with NRAP 3C(h)(1) and NRAP 32(a)(4) because the text in the body of the briefs is not double-spaced. Counsel for Ibold is cautioned that the failure to comply with the briefing requirements in the future may result in the imposition of sanctions. *See* NRAP 3C(n).

SUPREME COURT
OF
NEVADA

(O) 1947A

2

cc: Chief Judge, The Tenth Judicial District
Hon. Robert E. Estes, Senior Judge
The Law Office of Jacob N. Sommer
Churchill County District Attorney/Fallon
Attorney General/Carson City
Churchill County Clerk